FELIX G. ARNETT, plaintiff in error, *vs.* MARCELLUS N. PAULETT, administrator, defendant in error.

1. The question of the credibility of witnesses is peculiarly one for the jury, and when testimony is conflicting and they decide the conflict, and the decision meets the approval of the presiding judge, this court will not interfere.
2. If the evidence, said to be newly discovered, be mainly cumulative, and could have been discovered and used at the trial with ordinary diligence, a new trial will not be granted therefor, especially if, from its vagueness and uncertainty, it would hardly change the verdict.

New trial. Newly discovered evidence. Before Judge WRIGHT. Decatur Superior Court. November Adjourned Term, 1876.

Reported in the opinion.

GURLEY & TOWNSEND, for plaintiff in error.

BOWER & BOWER, by brief; CHARLES G. CAMPBELL, for defendant.

JACKSON, Judge.

M. N. Paulett, as administrator on the estate of Lucius Paulett, sued Arnett for wages of his intestate in keeping a bridge for Arnett. .

The amount sued for was five hundred and twenty-five dollars and eighty-five cents. The jury found three hundred and thirty-five dollars. The defendant moved for a new trial, on the grounds that the verdict was contrary to the evidence and the law, and on account of newly discovered testimony. The presiding judge overruled the motion, and defendant excepted.

1. The administrator proved by his own evidence the account and services; the defendant, who was sworn without objection, so far as the record discloses the facts, testified that the bridge was in the hands of a receiver a considera-

ble part of the time that plaintiff's intestate kept it, and that the receiver was to pay, and did pay, intestate.   The administrator testified to admissions of the defendant, and statements by him, inconsistent with the assertion that his intestate had been paid.   If the administrator was believed by the jury, the case was with the plaintiff; if Arnett was believed, it was with him.

. The jury found for the administrator the larger part of the claim ; the judge who presided was satisfied; and, of course, we will not, on a question of the credibility of witnesses, interfere, especially when the salient part of defendant's evidence, to-wit : statements to him of the dead man, would have been ruled out if objected to—defendant being clearly incompetent to tell the jury what passed, about the contract or services or payments, between the intestate and himself.

2. In respect to the newly discovered evidence, it is enough to say that it consisted of one affidavit of one witness, who swore to sayings of the deceased from which it might have been possibly inferred that he had been paid— at least in part—by the receiver; but the sayings were vague and uncertain, and besides only cumulative of what Arnett had sworn in the main.

It may be added that the witness lived in the neighborhood, was familiar with the bridge when kept by the deceased. It was natural to have inquired what he knew about the matter ; no inquiry was made, and no diligence used to get at the testimony either by the defendant or his counsel. And it may be said further that the jury did not render a verdict for the whole sum proven by the administrator, but deducted nearly two hundred dollars therefrom.   So that the verdict was probably about right, and, in every view of the case, the judgment should be affirmed.

Judgment affirmed. .